**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| | : | |
| FERMIN OVALLE ISAZA, | : | |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 06-2687 (WHW) |
| | : | |
| UNITED STATES. | : | |
| | : | |
| | : | |
| | : | |

---

**<u>William H. Walls, Senior District Court Judge</u>**

Petitioner Fermin Ovalle Isaza, an inmate at the Federal Correctional Institute in Loretto, Pennsylvania, petitions <u>pro se</u> to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner argues that his defense counsel was ineffective because of his alleged failure to: (1) argue for a downward departure for his pretrial confinement in Combita, Colombia; and (2) argue for a minor role departure. The petition is denied.

<b><u>BACKGROUND</u></b>

**A.      Procedural History and Factual History**

On May 9, 2003, a federal grand jury in the District of New Jersey charged defendant Fermin Ovalle Isaza and his co-conspirators in a four count Superseding Indictment for conspiring to launder drug money in violation of 18 U.S.C. § 1956(h).

On August 11, 2003, Colombian authorities arrested the petitioner after the arrests in the United States of numerous co-conspirators. On September 10, 2004, Colombian officials

1

NOT FOR PUBLICATION

extradited the petitioner to the United States.

On November 30, 2004, the petitioner appeared before this Court and entered a plea of guilty to Count One of a four count Indictment.  This count charged that from February 1999 through or about July 2000, the petitioner and co-defendants knowingly conspired and agreed to launder approximately $806,823 in drug distribution proceeds.

On April 27, 2005, this Court sentenced petitioner and adopted the factual findings of the pre-sentence investigation report ("PSR").  The petitioner's offense carried a base level of 20. Because the value of the laundered money was more than $600,000 but less than $1,000,000 an upward adjustment of 4 was appropriate.  An additional upwards adjustment of 3 was made because petitioner knew that the funds were the proceeds of unlawful activity involving narcotic drugs.  A downward departure of 2 was made for his acceptance of responsibility and another 1 level downward departure was made for petitioner's timely notification of intent to plead guilty. The Court arrived at a total offense level of 24 and sentenced petitioner to sixty three months in prison and three years of supervised release.

On April 10, 2006, the petitioner filed for relief pursuant to 28 U.S.C. § 2255.  He claims that his defense counsel was ineffective because : (1) he failed to argue for a downward departure for his pretrial confinement in Combita, Colombia; and (2) he failed to argue for a minor role departure.

## DISCUSSION

A.    **Exhaustion of Direct Appeal Procedures**

The court has jurisdiction of this matter under 28 U.S.C. § 2255.  "To obtain collateral

NOT FOR PUBLICATION

relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."

United States v. Frady, 456 US 152, 166 (1982).

Ordinarily, a petitioner may not collaterally attack a sentence on a motion to correct the sentence insofar as the attack is based upon alleged errors that could have been, but were not, raised on direct appeal.  To avoid the resulting procedural bar, a petitioner generally must prove both (1) "cause" that excuses his or her procedural default; and (2) "actual prejudice" as a result of the errors of which the petitioner complains.  See Frady, 456 US at 168; Brown v. United States, 75 F. Supp. 2d 345 (D.N.J. 1999).  The actual prejudice must lead to a "complete miscarriage of justice" constituting "exceptional circumstances."  Davis v. United States, 417 US 333, 346 (1974); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993)(citation omitted).

However, the Third Circuit has stated its preference that ineffective assistance of counsel claims be addressed in the first instance by the district court in a § 2255 petition.  See United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994); United States v. DeRewal, 10 F. 3d 100, 103-04 (3d Cir. 1991), cert denied, 511 U.S. 1033 (1994).  Because petitioner asserts ineffectiveness of counsel, he does not need to demonstrate cause and prejudice.

## B.    Certificate of Appealability

Under 28 U.S.C. § 2253, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000); United States v. Cepero, 224 F.3d 256, 262-64 (3d Cir. 2000) (en banc).  This requires "a demonstration that . . . includes showing that reasonable jurists

NOT FOR PUBLICATION

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 483 (quoting Barefoot v. Estelle, 463 U.S. 880, 8994 (1983) (internal quotation marks and citation omitted).

For the reasons stated in this opinion, petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253.  Accordingly, a certificate of appealability shall not be issued.

**C.      Petitioner Should Be Denied Relief Without an Evidentiary Hearing**

The district court has "discretion to decide whether to hold a hearing" on a claim of ineffectiveness of counsel.  United States v. Dawson, 857 F.2d 923, 927 (3d Cir. 1988).  In exercising its discretion the district court accepts as true the movant's non-frivolous factual claims on the basis of the existing record.  United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). The district court must order a hearing to determine the facts unless the "motion and files and records of the case show conclusively that the movant is not entitled to relief."  Id.

An evidentiary hearing is unnecessary here because petitioner fails to raise an issue of material fact and the court can conclusively determine that the petitioner is not entitled to relief on the basis of the record.

**D.      Petitioner was Represented by Reasonably Effective Counsel**

The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel for his defense."  U.S. CONST. Amend. VI.  A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance of counsel."

4

NOT FOR PUBLICATION

Day, 969 F.2d at 42 (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

In Strickland, the Supreme Court set forth a two pronged test for evaluating the claims of ineffective assistance of counsel.  First, the defendant must show that counsel's performance was deficient.  Strickland, 466 U.S. at 687.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  In evaluating the reasonableness of counsel's performance, judicial scrutiny must be "highly deferential."  Id. at 689.  Petitioner must overcome the strong presumption that counsel's conduct could be considered sound trial strategy.  Id.

Second, the defendant must show that the deficient performance prejudiced the outcome.  Id. at 687.  This requires the defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is a probability "sufficient to undermine the confidence in the outcome."  Id.

As with any other claims under § 2255, it is the petitioner's burden to prove ineffective assistance of counsel.  Virgin Island v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985).  The petitioner must provide evidence that his attorney was deficient, and he must prove that the deficient performance resulted in errors that prejudiced the result.  If either prong is not satisfied, the claim of ineffective assistance of counsel must be rejected.  Strickland, 466 U.S. at 668.

Petitioner claims that his attorney was ineffective because of his failure: (1) to argue for a downward departure for his pretrial confinement in Combita, Colombia; and (2) to argue for a

5

NOT FOR PUBLICATION

minor role departure.

### 1) Pretrial Confinement

Petitioner alleges that the conditions of his pretrial confinement in Combita, Colombia warrants a downward departure and his attorney's failure to make that request constitutes ineffective assistance of counsel.

Pretrial confinement is not a factor listed in the sentencing guidelines. However, "Congress allows district courts to depart from the applicable Guideline when a factor has not been considered by the Sentencing Commission." Koon v. United States, 518 U.S. 81, 92 (1996). In United States v. Sutton, 973 F. Supp. 488 (D.N.J. 1997), aff'd, 156 F.3d 1226 (3d Cir. 1998), the court addressed the defendant's contention that he was entitled to a downward departure due to his pretrial confinement conditions taking into account the Supreme Court's holding in Koon. The court in Sutton held that mere pretrial confinement is "not unusual at all and cannot serve as the basis of a downward departure," but "unusual pretrial confinement" can properly be considered by the sentencing court. Sutton, 973 F.Supp. at 493-94. Its reasoning was based on the Supreme Court's holding in Koon that the hardship of successive state and federal prosecutions could serve as a basis for downward departure. Id., see Koon, 518 U.S. at 113. In order to determine whether the pretrial detention conditions are sufficiently "atypical," the Court must examine the length of pretrial confinement and the nature of the pretrial confinement conditions. Sutton, 973 F.Supp. at 494.

The conditions of the defendant's pretrial detainment must pose a hardship on the defendant to such an unusual degree as to warrant a downward departure. See Sutton, 973 F.

6

NOT FOR PUBLICATION

Supp. at 494.  The defendant must produce evidence indicating that the conditions were atypical as compared with other jails.  See id.  The cases in which downward departures have been granted involve long periods of incarceration in deplorable conditions that typically include situations where the inmate was subjected to physical abuse and/or sexual abuse while imprisoned.  See e.g., United States v. Rodriguez, 213 F. Supp. 2d 1298 (M.D. Ala. 2002) (granting downward departure where defendant was raped by a prison guard); United States v. Francis, 129 F. Supp. 2d 612 (S.D.N.Y 2001) (granting downward departure where inmate was a victim of attempted knife slashing, was repeatedly threatened during 13 months of incarceration, and experienced extraordinary stress and anxiety).

        In order for the court to conclude that the delay experienced was unusual so as to transform the defendant's situation into an atypical case, the court must be provided with some comparative data, for example a comparison of the delays other pretrial detainees experienced. See Sutton, 973 F. Supp. at 494.  Petitioner does not provide any information comparing his detention to others awaiting extradition.  Also, petitioner was detained for only thirteen months in the Colombian prison, this would not reach the levels needed to constitute atypical length of pretrial confinement.  See Sutton, 973 F. Supp. at 494 (denied downward departure for a pretrial confinement of 10 months); United States v. Arenas-Anzola, Crim. No. 97-76 (D.N.J. 1997) (six month stay not enough to warrant departure); United States v. Carty, 264 F.3d 191 (2d Cir. 2001) (on remand the district court denied downward departure for a pretrial confinement of ten months).

        Petitioner in support of his original petition failed to describe his specific experience in

NOT FOR PUBLICATION

the prison.  However, in his reply brief, he adopts as his own experience those illustrated in the

"Combita petition." (Pet.'s Reply Br. at 7.)  According to the exhibit, the petitioner's conditions

while imprisoned in Colombia consisted of housing in cold conditions, abusive treatment of

visiting relatives, inability to have discussions with his attorney without guards being present,

poor food, and prohibitions on TV, radios, journals and magazines.  (Pet.'s Reply Br. at 7.)  The

petitioner's situation during pretrial confinement certainly does not reach the level needed to

grant a downward departure.  Many of the conditions complained of by the petitioner are

common to all inmates and do not take this case to the atypical level.  See e.g., Sutton, 973 F.

Supp. at 495 (declined to take the "'highly infrequent' and extraordinary measure" of departing

downward based on substandard pre-trial conditions); United States v. Miranda, 979 F. Supp.

1040 (D.N.J. 1997) (declined to award downward departure despite deplorable and substandard

prison conditions during pretrial confinement); United States v. Ogembe, 41 F. Supp. 2d 567

(E.D. Pa. 1999) (declined to award downward departure where defendant complained that the

prison in which he was incarcerated in for three months was infested with rodents, had no

running water, and was overcrowded); United States v. Pacheco, 67 F. Supp. 2d 495 (E.D. Pa.

1999) (declined to award downward departure despite defendant's allegations of deplorable

conditions).

   Petitioner has failed to show that his pretrial confinement at Combita constituted

"unusual pretrial confinement" under Sutton.  This Court would not have awarded petitioner a

downward departure for his pretrial confinement and, therefore, he was not prejudiced by his

counsel's failure to argue for it.

8

NOT FOR PUBLICATION

In addition to failing the prejudice requirement under the <u>Strickland</u> test, the petitioner cannot show that his counsel acted in a deficient manner.  During petitioner's sentencing hearing, petitioner's attorney raised the issue of pretrial confinement conditions.  (Hearing at 11.) According to his attorney the "[petitioner] has been in custody one year and eight months.  Eight months in this country and one year in [Colombian] prison, the likes of which I think I can safely say you have not seen. . . . I can't tell you how bad it is for the inmates. . . ."  (Hearing at 11: 18-24.)  The petitioner's attorney raised the issue and this Court dismissed the argument.  (Hearing at 11:25-12:1.)  Counsel's failure to push the issue further could be considered sound strategy in response to the Court's initial response.  As mentioned, judicial scrutiny must be "highly deferential" when considering a claim of deficient counsel.  <u>Strickland</u>, 466 U.S. at 689.  The petitioner did not allege sufficient evidence to show that counsel was deficient and acting without reasonable professional judgment.

Petitioner's claim of ineffective counsel based on his counsel's failure to argue a downward departure for pretrial confinement fails.

### 2) Minor Role Departure

The sentencing guidelines provide for a mitigating role adjustment for a defendant who "plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, app. n3(A).  Petitioner argues that no evidence was adduced during the criminal proceeding establishing his role in the offense and that his role in the offense was less culpable when compared to that of the other co-defendants.  (Pet.'s Br. at 9.)

However, the PSR describes his role as an organizer in the conspiracy to commit money

9

NOT FOR PUBLICATION

laundering.  It is clear that the petitioner played a major role in the money laundering and was not entitled to a minor role adjustment.  The PSR states that "Fermin Ovalle Isaza directed others . . . with regard to delivery and disbursement of funds.  He provided code names/numbers and ensured the funds were sent to the appropriate accounts.  Therefore, a two level aggravating upward role adjustment, pursuant to U.S.S.C. § 3B.1.1(c) is applicable to Ovalle." (PSR, ¶ 56). The report sets forth a number of transactions in which the petitioner was the planner and organizer.  (PSR, ¶ 28, 31, 39).  And the Court was satisfied to adopt same in its sentence analysis.

The court also cannot conclude that counsel's failure to argue for a minor role downward departure constitutes ineffective assistance of counsel.  The evidence put forth by the petitioner fails to meet the criteria of the <u>Strickland</u> test.  First, the court cannot conclude that petitioner can establish the prejudice requirement.  Even if petitioner's attorney argued for a downward departure, he would not be entitled to it because of his major role in the money laundering conspiracy.  Second, since petitioner played a major role as organizer and ringleader of the money laundering conspiracy, counsel's failure to argue for a downward departure would not be deemed deficient performance.  <u>See</u> <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999) (failure of counsel to argue for downward departure may constitute ineffective assistance of counsel, however counsel is not required to press meritless issues).  Counsel acted in an objectively reasonable manner by not raising the issue and his actions did not fall below the range of competence demanded of an attorney in a criminal case.

Petitioner's claim of ineffective counsel based on his counsel's failure to argue a minor

10

**NOT FOR PUBLICATION**

role downward departure is rejected.

<u>**CONCLUSION**</u>

For the preceding reasons, petitioner's request for relief pursuant to 28 U.S.C. § 2255 is

DENIED.

August 1, 2007

<u>**s/ William H. Walls**</u>
United States Senior District Judge

11